[No. 11701.   Department One.   April 27, 1914.]

THE STATE OF WASHINGTON, *on the Relation of School District No. 3, Plaintiff*, v. JOSEPHINE PRESTON, *Respondent*.[1]

SCHOOLS AND SCHOOL DISTRICTS—STATE FUNDS—APPORTIONMENT—
STATUTES—CONSTRUCTION.   Under 2 Rem. & Bal. Code, §§ 4562-4574, as amended by 3 Id., §§ 4562 and 4567, providing for the apportionment of state school funds according to the attendance in the several districts credited with children attending common schools, private schools, high schools, parental schools, night schools, and schools for defectives, no credit can 'be given for attendance in a model training school conducted as a department of a state normal school; since the statute makes no provision therefor.

SAME—APPORTIONMENT OF FUNDS—"COMMON SCHOOLS."   A model training school conducted as a department of a state normal school is not a "common school," within the meaning of the law relating to the apportionment of state school funds, where the teaching was done by supervisors and students of the nomal school, not paid or chosen by the school district, some of whom were not qualified by law to teach in the common schools.

[1]Reported in 140 Pac. 350.

SAME—"COMMON SCHOOLS." The compulsory school law (Rem. & Bal. Code, § 4714 *et seq.*) does not require the attendance of children in common schools of the state or private schools; hence does not tend to show that a model training school in a state normal school is either a common or private school, within the meaning of the law relating to the apportionment of state school funds.

Application filed in the supreme court December 2, 1913, for a writ of mandamus to the state superintendent of public instruction. Denied.

*C. R. Hovey,* for relator.

*The Attorney General* and *R. E. Campbell, Assistant,* for respondent.

CROW, C. J.—School District No. 3, of Kittitas county, as relator, seeks a writ of mandamus directed to respondent Josephine Preston, state superintendent of public instruction, commanding her to apportion to Kittitas county, for relator's benefit, certain moneys from the current state school fund.

A number of school children residing within district No. 3 attend the model training school, a department conducted by the state normal school located at Ellensburg. Relator contends that these children should be considered by respondent in apportioning to Kittitas county its share of the current state school fund. Respondent has allowed relator an apportionment for school children taught in two rooms of the model training school, for which teachers are employed and paid by district No. 3, but has refused to allow the district any credit for children attending other rooms where instruction is given by supervisors employed by the normal school, assisted by junior and senior students.

It is first contended that the legislative intention was to allow credit to each school district for every days' attendance of pupils receiving the requisite instruction, irrespective of the school attended. The statute relating to the apportionment of current state school funds may be found in 2 Rem. &

Bal. Code, §§ 4562 to 4574, as amended by 3 Rem. & Bal. Code, §§ 4562 and 4567. Rem. & Bal. Code, §§ 4563 and 4564 read as follows:

"4563. For the purpose of the apportionment the superintendent of public instruction shall base his calculations upon the days' attendance as shown by the several county superintendents' last annual reports filed in his office.

"4564. The basis of the apportionment to each county shall be on the total days of attendance in the several districts of the county: Provided, that each school district shall be credited with at least two thousand days' attendance."

Other sections provide that school districts shall be credited with children attending private schools, high schools, parental schools, night schools, and schools for defectives, but nowhere is it provided that a district shall be credited with the attendance of children in a model training school conducted as a branch of a state nomal school, and located within such school district. If it had been the intention of the legislature to allow a school district credit for such attendance of pupils in a model training school, express provision would have been made therefor. We cannot, by interpretation, read such a provision into the statute when it does not exist, but seems to have been purposely omitted.

It is next contended that, as the model training school is conducted as an ordinary common school of the district, Kittitas county is entitled to the credit demanded. In other words, relator argues that the model training school so conducted is a common school within the recognized meaning of that term. It appears that the pupils of two rooms of the training school, known as model or observation rooms, are instructed by qualified teachers employed by the directors of district No. 3. Respondent has allowed credit for the attendance of these pupils. Teaching of pupils in the other rooms of the model training school is done by supervisors, legally qualified to teach under the laws of this state, assisted by junior and senior students of the normal school. Some of these students are qualified by law to teach in the common

schools of this state while others are not so qualified. The supervisors of the model training school are chosen by the normal school trustees, although an arrangement exists whereby the directors of the school district may secure their dismissal. In *School District v. Bryan*, 51 Wash. 498, 99 Pac. 28, 20 L. R. A. (N. S.) 1033, we had occasion to determine whether a model training school conducted by a state normal school was a common school. Discussing this question, we said:

"The teachers under his charge [the principal of the normal school] may be devoted in their pursuit of the art of teaching, but they are not teachers within the meaning of the law which has undertaken to insure that public school children shall be taught only by those who have met (not those seeking to attain) a certain standard of proficiency. In other words, the argument of counsel emphasizes the fact that in its operation the act of 1907 would break the uniformity of the common school system. To summarize, a common school, within the meaning of our constitution, is one that is common to all children of proper age and capacity, free, and subject to and under the control of the qualified voters of the school district. The complete control of the schools is a most important feature, for it carries with it the right of the voters, through their chosen agents, to select qualified teachers, with powers to discharge them if they are incompetent. Under the system proposed, instead of the voters employing a teacher with proper vouchers of worthiness, they are made recruiting officers to meet a draft for material that the apprentice may be employed."

Applying the rule thus announced to the facts before us, it is manifest that the model training school is not a common school, and that Kittitas county is not entitled, in an apportionment of the current state school fund, to a credit predicated on attendance of children at such training school.

Relator makes some contention that the provisions of the compulsory school law (Rem. & Bal. Code, § 4714 *et seq.*; P. C. 413 § 839), indicates that the model training school is either a common school or a private school, as children are

required to attend either a public or private school. There is no merit in this contention. The compulsory school law requires the attendance of children, as therein provided, but does not provide that they must attend common schools of the state or private schools. It therefore does not tend to show that a model training school is either a common or private school.

The writ is denied.

CHADWICK, ELLIS, MAIN, and GOSE, JJ., concur.